UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIAM ENGLAND, | ) | |
| | ) | 3:13-cv-00188-RCJ-VPC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| SHERYL FOSTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | October 28, 2014 |
| | ) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for a preliminary injunction (#30).[1] Having thoroughly reviewed the motion and other papers, the court recommends that plaintiff's motion be denied.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff William England ("plaintiff"), who proceeds in this action *pro se*, is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently incarcerated at High Desert State Prison ("HDSP"). In his complaint, plaintiff asserts claims under 42 U.S.C. § 1983 for defendant's alleged denial of a religious diet that comports with his Islamic faith, and also defendant's alleged failure to include Nation of Islam ("NOI") tenets in NDOC regulations related to religious faith groups (#6). In the instant motion, filed on July 9, 2014, plaintiff seeks a preliminary injunction against defendants, who are various NDOC and HDSP officials, enjoining them from

---

[1] Refers to the court's docket numbers. This motion was docketed as two motions; hereafter it will be referred to as #16.

"erroneously, oppressively, and maliciously depriving plaintiff and all/every other similarly situated 'Muslim' (Nation of Islam (N.O.I.)), and other Islamic Communities from the practice of [their] religious beliefs, customs [by denying such individuals a] place for the worship of Ramadan . . ." (#30 at 2). According to the motion, "Ramadan starts June 29, 2014 and ends July 29, 2014" (#30 at 2).

## II. DISCUSSION

A preliminary injunction is an "extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations omitted). It aims to preserve the status quo pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009). When seeking a preliminary injunction, the plaintiff must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the equities balance in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition, a more stringent standard is applied where affirmative preliminary relief is sought. When "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

Courts are further constrained in issuing injunctive relief in inmate civil rights litigation. Under the Prison Litigation Reform Act ("PLRA"),

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). The court's ability to grant preliminary injunctive relief to inmates is accordingly curtailed. *Gilmore v. California*, 220 F.3d 987, 998 (9th Cir. 2000).

**A.     Plaintiff's motion improperly seeks relief outside the scope of this case.**

In addition to the requirements described above, the Supreme Court has observed that a preliminary injunction motion must seek relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Thus, a court may not enjoin conduct relating to "a matter lying wholly outside the issues in the suit." *Id*. Although the Ninth Circuit has not directly addressed the issue, other circuits have repeatedly held that a litigant seeking preliminary injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

The court recommends that plaintiff's motion be denied because it seeks remedy for conduct outside the scope of the complaint.[2] As described, plaintiff's claims concern the religious diet made available to plaintiff at HDSP and the inclusion of NOI as a faith group in NDOC regulations (#6). By contrast, plaintiff's preliminary injunction motion concerns group prayer space (#30). Although all of these issues broadly relate to the extent to which defendants are honoring plaintiff's civil rights, the court believes that the motion centers on conduct entirely outside the scope of this suit. Accordingly, the relief plaintiff seeks in his complaint varies significantly from the remedy

---

[2] The court takes notice that plaintiff has a pending action in this District before Judge Du and Magistrate Judge Cobb that directly relates to NDOC's religious accommodations of the Ramadan holiday. *See England v. Baca*, No. 3:14-cv-00189-MMD-WGC. The court reminds plaintiff that it is not proper to seek relief in this court for actions related to the allegations contained in that suit, even if plaintiff disagrees with orders entered in that case.

requested in the motion for a preliminary injunction. The motion is therefore improper, and the court recommends that it be denied. *De Beers Consol. Mines*, 325 U.S. at 220; *Caruso*, 605 F.3d at 200 (plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint.").

**B.    Plaintiff's motion is moot.**

"The jurisdiction of federal courts depends on the existence of a 'case or controversy' under Article III of the Constitution." *M.M. v. Lafayette Sch. Dist.*, 767 F.3d 842, 857 (9th Cir. 2014) (quoting *Pub. Utils. Comm'n of Cal. v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996)) (internal quotation omitted). "No justiciable controversy is presented where the question sought to be adjudicated has been mooted . . . ." *Id.* (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). Accordingly, under the mootness doctrine, courts may not decide questions that cannot affect the rights of litigants in the cases before them. *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996). Although the doctrine has a narrow exception for conduct that is capable of repetition but evades review, this exception applies "only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). Where unique circumstances might arise in subsequent violations, a court does not err in declining to apply the exception. *See Lafayette Sch. Dist*, 767 F.3d at 858.

The court concludes that plaintiff's motion is moot. The motion concerns only the Ramadan holiday in 2014 (*see* #30 at 2), which concluded several months ago. Accordingly, even were the Court to grant plaintiff's motion, his rights would be unaffected. Injunctive relief is therefore improper. *Mitchell*, 75 F.3d at 527; *see also Garnica v. Wash. Dep't of Corrs.*, 965 F. Supp. 2d 1250, 1271 (W.D. Wash. 2013) (Claim for injunctive relief was "now moot as Ramadan 2010 has long since passed."). Further, plaintiff's motion and reply to defendant's opposition do not

demonstrate a reasonable likelihood he will again face a denial of the group prayer space he seeks. Therefore, the court does not reach the issue of whether the conduct escapes review because of Ramadan's duration.  *See Arc of Cal.v. Douglas*, 757 F.3d 975, 982 (9th Cir. 2014).   Finally, and relatedly, possible denials of group prayer space during future Ramadan holidays will likely feature unique circumstances, including the particular prison at which plaintiff might be housed at the time. Therefore, consideration of plaintiff's present motion, even if it concerned future Ramadan periods, is improper.  *See Lafayette Sch. Dist*, 767 F.3d at 858.  For these reasons, the court recommends that plaintiff's motion be denied as moot.

### III. CONCLUSION

Based on the foregoing, and for good cause appearing, the court concludes that no basis exists for issuing the injunctive relief plaintiff seeks.  Accordingly, plaintiff's motion for a preliminary injunction (#30) should be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for a preliminary injunction (#30) be **DENIED**.

**DATED**:  October 28, 2014.



_____
**UNITED STATES MAGISTRATE JUDGE**